UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 2200 WEST ALABAMA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2244 |
| | § | |
| WESTERN WORLD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.**

Before the Court are the plaintiff's, 2200 West Alabama, Inc., ("the plaintiff"), motion for summary judgment [DE#10] and the response and cross-motion for summary judgment of the defendant's, Western World Insurance Company, [DE#11]. Also before the Court are the reply and response of the plaintiff to the defendant's cross-motion [DE# 12] and the defendant's reply in support of its cross-motion [DE# 13]. The Court has reviewed the parties' papers and submissions and determines that the plaintiff's motion should be granted and the defendant's cross-motion should be denied.

**II.**

The defendant issued its "Commercial General Lines" insurance Policy Number NPP1356289, effective December 15, 2013, for one-year and thereafter renewed the coverage in Policy Number NPP1402213 for an additional year during which term(s), the plaintiff enjoyed liability coverage for "sums that [the plaintiff] becomes legally obligated to pay for damages because of . . . personal and advertising injur[ies]." The

Policy also obligated the defendant to . . . "defend [the plaintiff] against any suit" . . . that seeks damages covered by the terms of the Policy.

In 2014, the plaintiff was sued in state court, concerning a commercial lease where the negotiations went awry and the tenant, Dubrow Partners ("Dubrow") sought to recover damages against the plaintiff and its prime tenant, Soray, LLC, for failure to timely complete negotiating a lease agreement in order that Dubrow might take physical possession and open its restaurant. The lease was not consummated and Dubrow never took physical possession of the space.

After being served with a complaint, in an underlying suit, the plaintiff tendered the suit to the defendant claiming that, under the terms of the Policy, the defendant owed the plaintiff a duty to defend the suit brought by Dubrow. The defendant disclaimed any duty owed to the plaintiff while arguing that Dubrow's claim(s) were not a "covered" event because Dubrow never physically moved into the premises. Therefore, the defendant refused to defend the plaintiff in the underlying suit.

### III.

The Policy that is the subject of this suit covers "personal and advertising injury" and, in this respect defines, in relevant part, the scope of coverage and define injury as follows:

> . . . [I]njury . . . arising out of . . . the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or promises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

*See* [DE 10-1, p. 38-39]. The defendant contends that the plaintiff cannot establish that Dubrow was wrongfully evicted, that another party wrongfully enter[ed] the premises or, that an invasion occurred circumventing Dubrow's right of occupancy of the premises. The defendant also asserts that the plaintiff knowingly violated Dubrow's right to take occupancy and thereby breached the contract. Therefore, the defendant asserts, the plaintiff's conduct absolves the defendant of any contractual duty to defend the suit.

The plaintiff asserts that at the time that negotiations ceased, Dubrow had a right of occupancy. It asserts as well that physical occupancy of the premises is not required by the Policy(s). The question that controls coverage, contends the plaintiff, is whether Dubrow gained a "right of private occupancy." In support of its claim that Dubrow gained that right, the plaintiff points to the claims of Dubrow in the underlying suit. There, Dubrow asserts that the plaintiff interfered with its "right of occupancy". To the defendant's claim that even if Dubrow gained such a right coverage is excluded, the plaintiff asserts that Dubrow's assertions against the plaintiff in the underlying suit do not trigger the Exclusion provision without proof. Continuing, the plaintiff asserts that the defendant has failed to proffer any evidence that it violated the lease agreement or otherwise breached it.

## IV.

The parties agree that Texas law applies, and Texas law generally endorses the eight-corners rule. "The eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from the terms of the policy and the pleadings of the third-party claimant. Resort to evidence outside the

four corners of these two documents is generally prohibited." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). "If the [claimant's] petition only alleges facts excluded by the policy, the insurer is not required to defend." *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). Further, "[t]he court may not read facts into the pleadings or imagine factual scenarios which might trigger coverage." *VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 456-57 (5th Cir. 2011) (internal quotations omitted).

If an insurance contract is worded such that it "can be given a definite or certain legal meaning," then it is unambiguous and enforceable as written. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995). Only if an insurance contract is susceptible to multiple reasonable interpretations must a court adopt the interpretation most favorable to the insured. *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520. Nevertheless, a court will not find a contract ambiguous merely because the parties offer contradictory interpretations. *See Cent. States, Se. & Sw. Areas Pension Fund v. Creative Dev. Co.*, 232 F.3d 406, 414 n.28 (5th Cir. 2000) (citing *Wards Co. v. Stamford Ridgeway Assocs.*, 761 F.2d 117, 120 (2d Cir. 1985).

## V.

The Court is of the opinion that the facts support the plaintiff's claim that Dubrow's pleadings triggered terms under the Policy that gave rise to a duty to defend on the part of the defendant. The Court interprets the language in the policy *i.e.,*, "right of private occupancy" plainly to mean that occupancy of the premises is unnecessary to implicate the duty to defend provision of the Policy. The term "possession", therefore,

refers to the right to occupy the premises, not necessarily physical occupancy. *See Hobbs Realty & Construction Co. v. Scottsdale, Ins., Co.* 593 S.E.2d 103, 107-08 (2004). This interpretation of the Policy language is consistent with the controlling case law of this state that informs on insurance policy interpretation. *See Zurich Am. Ins. Co. v. Nokia, Inc.,* 268 S.W. 3d 487 (Tex. 2008). In *Zurich*, the Supreme Court of Texas stated that . . ."an insurer's duty to defend is determined by the third party plaintiff's pleadings, considered in the light of the policy provisions, without regard to the truth or falsity of those allegations". *Id.*

It is undisputed that Dubrow asserted a cause of action against the plaintiff contending that Dubrow had tenant rights to a space at the premises. Accepting these pleadings as true, according to *Zurich*, the duty to defend provision is triggered and the plaintiff is covered by the Policy. In reaching this conclusion, the Court reviewed the case law proffered by the defendant and declares that the case law authority proffered is either distinguishable and/or inapplicable to the facts in this case. Therefore, the Court rejects the defendant's interpretation and application of those cases as authority for requiring physical occupancy before a duty to defend arises.

The Court also rejects the defendant's view that the "Exclusions" provision of the Policy applies to the case. The defendant asserts that no duty to defend arises because of an exclusion that bar recovery. The defendant also asserts that the plaintiff knowingly violated Dubrow's right to occupy the premises and therefore breached its contractual duty to Dubrow under the terms of the lease agreement. The Court notes that these assertions are based on the third-party's assertions in the underlying suit.

"The plaintiff bears the burden showing that there is coverage, however, the [defendant] bears the burden of proving the applicability of any exclusions in the policy" that permits the insurer to deny coverage. *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998) (citing *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex. Civ. App. – San Antonio 1994, writ denied); *see also Venture Encoding Serv., Inc. v. Atl. Mut. Ins. Co.*, 107 S.W.3d 729, 733 (Tex. App. – Fort Worth 2003, pet. denied) (stating that the Texas Insurance Code places the burden on the insurer to prove any exception to coverage). That proof is absent here and cannot be supplied by the pleading of the plaintiff in the underlying suit.

Moreover, the Texas Supreme Court has repeatedly emphasized that there are no recognized exceptions to the eight-corners rule. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 744 (Tex. 2009) ("analysis of the duty to defend has been strictly circumscribed by the eight-corners doctrine"); *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 497 (Tex. 2008). Therefore, it would be error to decide that an insurer's claim of Exclusion may be based on what was unsaid in an underlying complaint. The duty to defend is decided solely on what was said in the four corners of the underlying complaint and the four corners of the relevant policy; and, any Exclusion is subject to proof that is absent here. Accordingly, the Court disallows the defendant's references to extrinsic statement, such as the plaintiff's pleadings as evidence or proof of an exclusion under the Policy.

## VI.

Therefore, the Court concludes that the plaintiff's motion for summary judgment should be GRANTED and that the defendant's cross-motion for summary judgment should be DENIED. Any claim for an attorney's fee and a proposed final judgment are to be submitted within 10 days of the filing of this Memorandum. Responses are due within 10 days of any claim.

It is so Ordered.

SIGNED on this 13th day of September, 2017.

_____
Kenneth M. Hoyt
United States District Judge